UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
APR 29 2021
CENTRAL DISTRICT OF CALIFORNIA
BY DTA DEPUTY

Fee Paid

EVELYN MARTINEZ,      )
                      )
        Plaintiff,    )
                      )   CIVIL ACTION
    vs                )   CASE NO. 2:21cv3735-PA-MARx
                      )
                      )
                      )
                      )   COMPLAINT
UNITED STATES OF AMERICA,  )
                      )
        Defendant.    )
_____)

## I. RELATED CASES

**a. None**

## II. JURISDICTION and VENUE

1. Plaintiff, Evelyn Martinez, hereby brings this action against Defendant, United States of America under the FTCA, 28 U.S.C 1346(b) and 2671-2680 which provides that under the FTCA, thus fully outlined above a Plaintiff can seek "monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission, commits medical negligence where a breach in the standard of care took place and that "breach proximately caused an injury" the Plaintiff thus can seek relief in a Federal District court. The venue is correct because the act(s) occurred within

1

this Court's federal jurisdiction as the Defendant is located in Los Angeles County and thus the US Central District Court, Western Division, is the appropriate venue.

2. This Court has jurisdiction because there is a Federal question as stipulated by the Federal Tort Claims Act (FTCA) whereas a Plaintiff can seek relief against the US government for damages sustained due to their negligence, medical negligence and/or wrongful acts thus this Court has proper jurisdiction to hear the Plaintiff's redress complaint.

## PARTIES

3. Plaintiff, Evelyn Martinez is a citizen of the United States, State of California and currently resides within the County of Los Angeles.

4. Defendant, is the United States Government, Department of Veteran's Affairs conducting medical care in the County of Los Angeles in the State of California.

## INTRODUCTION

5. Plaintiff, filed a timely administrative tort claim against the Department of Veteran's Affairs, for acts committed against her starting on September 12, 2019. The Plaintiff is a Veteran and sought medical eye care after visiting the VA's emergency room on September 6th, 2019 because she had developed cataracts and needed them taken care of with surgery but instead

on September 12, 2019 mere hours after a 3 hour appointment with the Defendant the Plaintiff lost her vision completely in the eye tampered with by the Defendant and on November 5th, 2020, the Defendant, denied the Plaintiff's claim for redress via compensation under the FTCA.

### III. CAUSE OF ACTION MEDICAL NEGLIGENCE

6. Plaintiff, on September 6th, 2019, went to the Defendant's West LA, VA Emergency room hospital, complaining of vision problems that had gotten worse and at that time was diagnosed with cataracts in both eyes after a short test. The Plaintiff was given a referral appointment to see the Defendant's eye clinic doctors for September 12th, 2019.

7. The Plaintiff attended the appointment where she was given standard test to check where the Plaintiff's vision was at and it was well documented that the Plaintiff at that time did have vision in her left eye as well as her right eye although in her right eye it was a cloudy and blurry view because of a very big cataract.

8. The Plaintiff then proceeded to be seen by a doctor named Claire S. Smith whom the Plaintiff understood at that time to be a full fledge doctor Optometrist but according to clinic reports was really a Resident. The Defendant was also in the company of another female doctor who the Plaintiff remembers being introduced as a Resident doctor and would be watching Doctor Smith tend to my eye. The second Resident's name does not appear in the Plaintiff's clinic report

3

at all.

9. The Plaintiff was tended to by Dr. Smith from 1:42pm to 3:38pm approximately during which time the Plaintiff whom was already accurately diagnosed with a very big cataract in her right eye that did not allow any further viewing of the back of her eye such as her retina and optic nerve was subjected to all kinds of further intrusive procedures by Dr. Smith.

10. The Plaintiff believed and trusted the Defendant and let the Defendant conduct for 2 hours procedures that the Plaintiff had no way of knowing or understanding would cause harm to the Plaintiff's eye.

11. The Defendant proceeded to give the Plaintiff an ultrasound in her right eye an eye with a massive cataract that another doctor already had classified as too large of a cataract to see to the back of the eye still the Defendant carried on stating they wanted to see if there was any bleeding in the back of the eye and the answer was no.

12. The Defendant then proceeded to do an eye pressure test and eye dilation on Plaintiff's both eyes. The Plaintiff felt high discomfort when the Defendant focused their test mostly on the Plaintiff's right eye. The Plaintiff's sinus were in discomfort. The Plaintiff trusted the Defendant and let them continue procedures on her eye specifically Dr. Smith.

13. The Defendant was taking notes via the Defendant's computer

documenting system the whole time during the visit and by all accounts nothing was translated to the Plaintiff by the Defendant as finding anything abnormal during all the procedures the Plaintiff was subjected to in her right eye.

## IV. WRONGFUL and NEGLIGENT MEDICAL ACT

14. The Plaintiff sat through procedure after procedure that the Defendant subjected the Plaintiff's right eye through for a solid 2 hours including at least the presenting of two types of eye drops that were put in her eye and then towards the very end of the procedure(s) the Defendant started pricking and poking the Plaintiff's right eye with force so much so that the Plaintiff squirmed in her seat pushing back trying to stop the pain and discomfort the Plaintiff was now feeling a pressure so intense that the Plaintiff's sinuses also started running.

15. The Plaintiff now understands that what the Defendant was doing was tampering with the Plaintiff's optic nerve weakening it because the Defendant was not just standing there looking at the Plaintiff's eye but was poking and pricking her fragile, cataract filled eye to such an intentional extent that it would cut off blood flow and thus blind the Plaintiff.

16. The Plaintiff was innocent to the Defendant's intent with her eye and finally when the Defendant was done about 3:40pm working on her cataract eye the Plaintiff went home and hours later after the Defendant worked on her eye

unnecessarily and excessively the Plaintiff's eye suddenly exploded with intense pain and the Plaintiff's vision slowly dimmed from cloudy to gray and then to dark.

17. The Plaintiff went to see the Defendant about the sudden vision loss and they offered no logical or medical rational nor could now anything be done.

18. The Plaintiff still allowed the Defendant to perform a surgical procedure on the Plaintiff's right eye to remove the troubled cataract on October 25, 2019 thinking that maybe she would be able to see again and that surgery would fix her vision problem but sadly it was not and in the process of having the Defendant proceed with the cataract surgery the operating doctor named Dr. Judd Cahoon another Resident also conducted himself in an intentionally negligent, medical manner against the Plaintiff by pressing so hard into the Plaintiff's eye as he operated on her eye that the Plaintiff's body jumped up off the operating table an act done intentionally to the Plaintiff by a Defendant hell-bent on causing the Plaintiff's eye continuous harm.

## V. DAMAGES

19. The Plaintiff has suffered permanent vision loss on September 12, 2019 that happened within hours after visiting the Defendant's eye clinic and after being negligently and medically wrongfully treated.

20. On October 25, 2019 during surgery to remove the cataract from the

right eye the Defendant again continued their assault on the Plaintiff's eye by senselessly causing more pain and unnecessary discomfort to the Plaintiff's eye by pressing down on it so hard thus making sure Plaintiff's eye never recovered.

21. The Defendant caused the Plaintiff a permanent injury and now only has one functioning eye instead of two.

## CONCLUSION

22. The Plaintiff trusted the Defendant and allowed the Defendant to proceed with procedures the Defendant knew or should have known simply were not necessary in order to treat the Plaintiff's cataract. The Defendant proceeded against the Plaintiff with complete disregard for her welfare and the welfare of her sight now forever affected. The Plaintiff's oath to do no harm was clearly not at all on the Defendant's mind when they chose to harm the Plaintiff.

## VI. DEMAND JURY TRIAL

b. Jury Trial Requested

## RELIEF SOUGHT

WHEREFORE, the Plaintiff request the following relief respectfully that the Plaintiff is granted compensatory and punitive damages against the Defendant and that such Relief is in the amount of five million dollars ($5,000,000.00). The

7

Plaintiff also request that the Court grants any and all other Relief the Court deems right and proper against the Defendant for their wrongful and negligent acts against the Plaintiff.

DATED April 29, 2021

**EVELYN MARTINEZ**
**Plaintiff, Pro Se**
**5632 Van Nuys Blvd.,**
**Sherman Oaks, CA 91401**
**Tel (310) 999-5888**



**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (021)
810 Vermont Avenue, NW
Washington, DC 20420

Telephone: (202) 461-4900

In Reply Refer To: GCL 476794

Certified mail #7019 2280 0000 6144 6361

November 5, 2020

Ms. Evelyn Martinez
5632 Van Nuys Blvd.
Unit #1219
Sherman Oaks, CA 91401

RE: Administrative Tort Claim

Dear Ms. Martinez:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your administrative tort claim. Our adjudication of the claim included a review of your medical records and a review of the claim by a medical reviewer in a different part of the country.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed the claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances. Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of employment that caused you compensable harm. Accordingly, the claim is denied.

If you are dissatisfied with the denial of the claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2



UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE ( 310 ) 999-5888

Evelyn Martinez
5632 Van Nuys
#1219
Sherman Oaks, CA 91401

**DELIVERY OPTIONS** (Customer Use Only)
☒ SIGNATURE REQUIRED
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)

TO: (PLEASE PRINT)  PHONE ( 213 ) 894-1565

USDC Western Div Los Angeles
Attn: Clerk's Ofc Civil
255 East Temple Street
Los Angeles, CA 90012

ZIP + 4® (U.S. ADDRESSES ONLY)
90012-3332

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

← PEEL FROM THIS CORNER

LABEL 11-B,





USPS Priority Mail Express label

FROM: Evelyn Martinez
5632 Van Nuys
#1219
Sherman Oaks, CA 91401
PHONE (310) 999-5888

TO: USDC Western Div Los Angeles
Attn: Clerk's Ofc Civil
255 East Temple Street
Los Angeles, CA 90012
PHONE 213-894-1565
ZIP+4: 90012-3332

PO ZIP Code: 91301
Scheduled Delivery Date: 04/29
Postage: $26.35
Date Accepted: 04/28
Time Accepted: 4:57 PM
12 NOON
Total Postage & Fees: $26.35

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 29 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: DEPUTY

EJ 656 000 056 US

LABEL 11-B, MARCH 2019